Matthew **HARRELL**, Plaintiff—
Appellant,

v.

**CITY AND COUNTY OF HONOLULU**,
Defendant—Appellee.

No. 06–16142.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2008.

Filed June 20, 2008.

Andre S. Wooten, for Plaintiff–Appellant.

John P. Moran, Corporation Counsel City & County of Honolulu, Honolulu, HI, for Defendant–Appellee.

Before: RYMER, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Matthew Harrell, an African–American bassoonist, brought discrimination and retaliation claims against the City and County of Honolulu and certain employees

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(hereafter referred to collectively as "the City") because he was not offered the position of bassoonist in the Royal Hawaiian Band ("the Band"). Harrell's claims were tried to a jury, which returned a verdict in favor of the City.

On appeal Harrell seeks to challenge the district court's disposition of several of the City's motions in limine, the composition of the jury pool and jury, the denial of relief on his motion for a judgment as a matter of law, and the denial of his motion for a new trial. We determine that the district court did not abuse its discretion in ruling on the City's motions in limine, that Harrell failed to preserve several of his objections to the jury and the trial, and that there was sufficient evidence to support the jury's verdict.[1]

Initially we observe that, as noted by the City, Harrell's brief fails to comply with Federal Rule of Appellate Procedure 28 and Ninth Circuit Rules 28–2.5, 28–2.9 and 30–14. Most troublesome is the failure to support both the statement of facts and the argument with appropriate cites to the district court record. Nonetheless, the deficiencies although substantial, do not compel the dismissal of the appeal. *See Sekiya v. Gates,* 508 F.3d 1198, 1200 (9th Cir.2007) ("Sekiya's opening brief is so deficient that we are compelled to strike it in its entirety and dismiss the appeal."); *Ward v. Circus Circus Casinos, Inc.,* 473 F.3d 994, 997 (9th Cir.2007) (declining to dismiss an appeal where the "procedural violations were not so egregious as to prevent Circus from meaningfully responding to the appeal").

1. *Harrell has failed to show any abuse of discretion in the district court's evidentiary rulings*

Harrell challenges the district court's rulings on four motions in limine. The

district court's evidentiary rulings are reviewed for abuse of discretion. *E.E.O.C. v. Pape Lift, Inc.,* 115 F.3d 676, 680 (9th Cir.1997).

■ First, he objects to the district court's grant of the City's Motion in Limine No. 3, prohibiting Harrell or others from playing the bassoon before the jury. The court, however, did allow an audiotape of the audition to be played to the jury. As this was the best evidence of Harrell's performance at the audition, Harrell has failed to show that the grant of Motion in Limine No. 3 was an abuse of discretion.

■ Second, Harrell challenges the district court's partial grant of the City's Motion in Limine No. 4, which excluded a magazine article and all but a single excerpt of a book. Both the article and the book concerned the historic role of African–Americans in Hawaii and mentioned their role in the formation of the Band in the mid-nineteenth century. The excluded materials do not appear to directly address the Royal Hawaiian Band or the time period during which Harrell played with the Band. Nothing in Harrell's brief or the record suggests that the excluded materials had any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Accordingly, Harrell has not shown that the district court's disposition of Motion in Limine No. 4 was an abuse of discretion.

■ Third, Harrell objects to the district court's grant of the City's Motion in Limine No. 8 which precluded Harrell

---

1. Because the parties are familiar with the facts and procedural history, we do not re-

state them here except as necessary to explain our disposition.

from offering the testimony of two proposed expert witnesses. The district court granted the motion because Harrell had not complied with its Rule 16 Scheduling Conference Order which required the parties to identify their prospective expert witnesses and their reports by a certain date. Harrell argues that the names of the two witnesses, two professors, appear on his witness list. A review of Harrell's list reveals that the professors are listed, but they are not designated as experts and no indication is given of their qualifications or the substance of their proposed testimony. Harrell has not shown that the district court abused its discretion in granting the City's Motion in Limine No. 8.

Fourth, Harrell challenges the district court's grant of the City's Motion in Limine No. 9, which excluded hearsay statements in Harrell's complaints to the Hawaii Civil Rights Commission and the Equal Employment Opportunity Commission. However, in the district court, Harrell based his objection generally on the business record and public record exceptions to the rule against hearsay and did not explain how these exceptions applied to his complaints or the particular hearsay statements in the complaints. Harrell has not shown that the district court abused its discretion in denying the City's Motion in Limine No. 9.

2. *The district court properly denied Harrell's motion for a mistrial*

■ Jury selection commenced on January 4, 2006. Harrell's counsel noted that from the jury cards none of the potential jurors identified himself or herself as African–American but agreed that no objection would be appropriate until after he viewed the jurors. A jury was selected and sworn, and testimony was heard on January 5, 2006, the second day of trial. On January 6, 2006, Harrell filed a motion for mistrial objecting to the lack of African–Americans on the jury. The district court initially denied the motion without prejudice. After the trial Harrell filed a memorandum in support of his prior motion for mistrial, and on April 20, 2006, the trial court entered an order denying Harrell's motion for mistrial. The district court held that the objection to the jury pool was untimely, because it was not made before the jury was sworn in, citing *Dias v. Sky Chefs, Inc.*, 948 F.2d 532, 534 (9th Cir. 1991). The court further commented that even if Harrell had not waived his constitutional claims, his Sixth Amendment challenge that the jury was not selected from a fair cross-section of the community failed under the standard set forth in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Specifically, the court found that even accepting Harrell's unsupported claim that African–Americans constituted 3 percent of the population, in the Ninth Circuit an absolute disparity of 3 percent is too low to be considered evidence of underrepresentation. *See United States v. Rodriguez–Lara*, 421 F.3d 932, 943 (9th Cir.2005). The court further noted that the exclusion of full time active military personnel from jury service was set forth in 28 U.S.C. § 1863(b)(6), and that in *Taylor v. Louisiana*, 419 U.S. 522, 534, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), the Supreme Court had upheld exempting from jury service "those engaged in particular occupations the uninterrupted performance of which is critical to the community's welfare."

We review the district court's denial of a motion for mistrial for abuse of discretion. *United States v. Allen*, 341 F.3d 870, 891 (9th Cir.2003). Here, we agree with the district court that the motion was both untimely and without merit. Harrell has offered no excuse for his failure to challenge the composition of the jury and the jury pool before the jury was sworn and

the taking of testimony, and our review of the record does not disclose any good reason for his failure. Moreover, Harrell has failed to distinguish his case from the controlling precedents of *Taylor* and *Rodriguez–Lara.*

### 3. *Harrell was procedurally barred from moving for Judgment as Matter of Law (JMOL)*

A litigant is procedurally barred from moving for JMOL after a jury verdict unless he has first moved for JMOL at the conclusion of evidence and before submission to the jury, unless (a) an earlier motion under Federal Rule of Civil Procedure 50 remains pending, (b) an inartful request was timely made and approximates a motion for JMOL, or (c) there is such plain error that failure to review would result in a manifest miscarriage of justice. *Herrington v. County of Sonoma,* 834 F.2d 1488, 1500 (9th Cir.1988). The denial of a properly made motion for JMOL is reviewed de novo. *Janes v. Wal–Mart Stores, Inc.,* 279 F.3d 883, 886 (9th Cir. 2002). If, however, the record contains relevant evidence that reasonably supports the jury's verdict, the denial of the motion must be affirmed. *Grant v. City of Long Beach,* 315 F.3d 1081, 1085 (9th Cir.2002).

The record shows, as the district court noted, that Harrell did not file a motion for JMOL after the City presented its case or at the close of all evidence. On appeal, Harrell does not contend otherwise and does not argue that any of the exceptions in *Herrington* apply. Our review of the record confirms that there was no earlier Rule 50 motion or timely but inartful approximation thereof under advisement. In addition, for the reasons that we affirm the denial of Harrell's motion for new trial (*see infra*) we find no miscarriage of justice in the district court's denial of the motion for JMOL as procedurally barred.

### 4. *Harrell has not shown that the district court erred in denying his motion for a new trial*

"We review a denial of a motion for new trial for abuse of discretion, and we can reverse such a denial only if the district court makes a legal error in applying the standard for a new trial or the record contains no evidence that can support the verdict." *Alford v. Haner,* 446 F.3d 935, 936 (9th Cir.2006).

On appeal, Harrell asserts only that there was insufficient evidence to support the jury's verdict. Harrell contends that the City did not offer him the position as bassoonist in the Band because of the Band Master's subjective, and Harrell contends biased, lack of confidence in Harrell's ability to perform. Although the jury might have agreed with Harrell, there was substantial evidence before the jury from which it could reasonably conclude that the decision was not racially motivated. The jury heard the tape as well as testimony that Harrell played nervously for a solo position and that his performance was flawed. In light of this, we respectfully disagree with our colleague: we cannot find that the record "contains no evidence that can support the verdict," *id.* at 936, or that the jury's decision is against the weight of the evidence, or was a seriously erroneous result. *See E.E.O.C. v. Pape Lift, Inc.,* 115 F.3d at 680.

For the foregoing reasons the district court's judgment for the City is **AFFIRMED.**

RAWLINSON, Circuit Judge, dissenting in part:

I respectfully dissent from that portion of the disposition concluding that the district court acted within its discretion when it denied Plaintiff Matthew Harrell's motion for a new trial. Although I expressly

514

decline to join the extended discussion of Harrell's challenges to the district court's evidentiary rulings, denial of his requested motion for a mistrial and denial of his motion for judgment as a matter of law, I agree that the district court's rulings on those issues should be affirmed.

However, I respectfully dissent from that portion of the disposition affirming the denial of Harrell's motion for a new trial. In my view, the district court abused its discretion when it denied Harrell's motion for a new trial because the record contains no evidence to support the jury's verdict.

From my perspective, the fallacy in the conclusion that evidence in the record supports the jury's verdict stems from a profound misapplication of the caselaw interpreting applicable discrimination statutes.

There is no dispute that the reason given by the decisionmaker for failing to select Harrell was his performance at the audition. However, that reason is clearly pretextual because despite the allegedly deficient performance, Harrell was nevertheless rated qualified for the position. Once an applicant is deemed qualified, it defies commonsense to countenance later rejection of that applicant on the basis that he is no longer qualified. *See Norris v. City and County of San Francisco*, 900 F.2d 1326, 1330 (9th Cir.1990) (providing that pretext is established if an employer's explanation is unworthy of credence). Because I am convinced that the employer's claim that Harrell was unqualified is not supported by the record, I conclude that the record does not support the jury's finding of no discrimination. As a result, I would hold that the district court abused its discretion when it denied Harrell's motion for a new trial. *See Alford v. Haner*, 446 F.3d 935, 936 (9th Cir.2006) (recognizing that a new trial should be granted if

the record contains no evidence to support the verdict).